UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV146-3-MU

| | |
|---|---|
| KEVIN TYRONE HICKMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| FREDERICK B. HUBBARD, ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed on March 19, 2008 (Document No. 1.) For the reasons stated herein, the Petitioner's case will be dismissed as time-barred.

## I. Factual and Procedural Background

According to his Petition, on December 12, 2003 Petitioner was convicted, after a jury trial, of first degree burglary, possession of a firearm by felon, evading the police and armed robbery. Petitioner appealed his sentence and conviction to the North Carolina Court of Appeals. On October 4, 2005 the North Carolina Court of Appeals affirmed. On April 10, 2006 the North Carolina Supreme Court denied discretionary review. Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court. On July 6, 2007, almost fifteen months after the North Carolina Court of Appeals affirmed, Petitioner filed a Motion for Appropriate Relief ("MAR") which was denied on July 19, 2007. On January 9, 2008 Petitioner filed a Petition for

1

Writ of Certiorari in the North Carolina Court of Appeals which was denied in February, 2008.[1]

Petitioner filed the instant Petition in this Court on March 19, 2008.[2]

## II. Analysis

In April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effectively amending 28 U.S.C. § 2254 by adding the following language:

A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:

(B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application

---

[1] Petitioner does not provide the specific date in February that the North Carolina Court of Appeals denied his petition.

[2] The Court notes that Petitioner signed and mailed his Petition on March 14, 2008 and for the purposes of calculating the one-year period of limitations, the Court will use the date Petitioner signed and mailed his Petitioner as opposed to when it was received and filed in this Court.

for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

 As has been noted above, the instant Petition reports that Petitioner sustained his conviction and sentence on December 12, 2003. Petitioner filed a direct appeal and the North Carolina Court of Appeals affirmed his conviction on October 4, 2005. The North Carolina Supreme Court denied discretionary review on April 10, 2006. Petitioner did not file a writ of certiorari in the United States Supreme Court, therefore for his judgment became final ninety days after the North Carolina Supreme court denied his discretionary review petition, which was July 10, 2006. See United States v. Clay, 537 U.S. 522 (2003); Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Petitioner filed his MAR, almost one full year later on July 6, 2007. At the time Petitioner filed his MAR all but about 4 days of his one-year limitations period had expired. Petitioner's MAR was denied on July 19, 2007 and Petitioner filed a Petitioner for Writ of Certiorari in the North Carolina Court of Appeals on January 9, 2008 which was denied in February, 2008. Pursuant to the AEDPA, the limitation period is tolled for the period during which a petitioner is pursuing state collateral review. Therefore, the time beginning with the filing of his MAR through the denial of his Petitioner for Writ of Certiorari is tolled. However, Petitioner did not file the instant § 2254 Petition until March 14, 2008. Because Petitioner had only four days remaining on his one-year limitations period at the time he began his collateral

review process, the instant Petition is too late.[3] [4]

Moreover, Petitioner concedes that his Petition is late and asks this Court to give him the benefit of the prison mailbox rule and holidays.[5] Further, Petitioner argues that he has been prejudiced because on January 28, 2008 his legal documents were confiscated and have not been returned to him.

Unfortunately for the Petitioner, none of these assertions warrant tolling of the one-year period of limitations. In United States v. Prescott, 221 F.3d 686 (4th Cir. 2000), the Court instructed that while § 2255's limitation period is subject to equitable tolling, it is an extraordinary remedy that is sparingly granted. Id. at 688. It is reserved for those situations

---

[3] Although Petitioner does not provide the specific date on which the North Carolina Court of Appeals denied his Petition for Writ of Certiorari, this date is of little consequence. Petitioner only had four days remaining on his AEDPA one-year limitations period. Even assuming the Court of Appeals denied his petition on February 29, 2008, Petitioner did not mail the instant Petition to this Court until March 14, 2008, which would still make his Petitioner 10 days late.

[4] In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). There, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal habeas form to comply with Hill. The new forms now include a section which directs the petition to address the "timeliness of [his/her] motion." In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the motion to vacate is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) [also set forth on the from] does not bar [such] motion." Accordingly, given the fact that the Petitioner had the opportunity to address the timeliness of his Petition on his form petition, albeit unsuccessfully, the Court concludes that he has been given every opportunity to which he is entitled in this regard, and no further warning is required for him.

[5] The Court has given Petitioner the benefit of the prison mailbox rule articulated on Houston v. Lack, 487 U.S. 266 (1988) and the Court has otherwise counted the days in accordance with the Federal Rules of Civil Procedure.

4

where it would be unconscionable to enforce the limitations period and if enforced, gross injustice would result.  Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).   In order to be entitled to equitable tolling, an otherwise time-barred petitioner must present "'(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'"  United States v. Sosa, 364 F.3d 507, 512 (4h Cir. 2004) citing Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).  "Typically, these 'circumstances [are] external to the party's own conduct,' thus making it 'unconscionable to enforce the limitation period against the party.'"  Prescott, 221 F.3d at 688, citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

    Petitioner does not set forth any basis which would support a finding that it would be unconscionable to enforce the limitations period, or that a gross injustice would result from such enforcement.  Therefore, equitable tolling also is not available for the Petitioner.

### III. Conclusion

    The Petitioner has failed to demonstrate that his habeas Petition was timely filed in this Court.  Accordingly, such Petition must be dismissed.

## IV. Order

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED**.

**SO ORDERED.**

Signed: April 9, 2008

Graham C. Mullen
United States District Judge