# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:08CV146-3-MU

KEVIN TYRONE HICKMAN,       )
                                     )
      Petitioner,              )
                                     )
         v.                  )           **O R D E R**
                                     )
FREDERICK B. HUBBARD,      )
      Respondent.          )
_____)

      **THIS MATTER** is before the Court on Petitioner's "Motion for Relief from Judgment or Order Rule 60" filed September 22, 2008 (Doc. No. 4.)  For the reasons stated herein, Petitioner's motion is denied.

      Petitioner was convicted and sentenced on December 12, 2003, after a jury trial, of first degree burglary, possession of a firearm by felon, evading the police and armed robbery. Petitioner filed a direct appeal and the North Carolina Court of Appeals affirmed his conviction on October 4, 2005.  The North Carolina Supreme Court denied discretionary review on April 10, 2006.  Petitioner did not file a writ of certiorari in the United States Supreme Court, therefore his judgment became final ninety days after the North Carolina Supreme court denied his discretionary review petition, which was July 10, 2006.  See United States v. Clay, 537 U.S. 522 (2003); Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000).  Petitioner filed his MAR, almost one full year later on July 6, 2007.  At the time Petitioner filed his MAR all but about 4 days of his one-year limitations period had expired.  Petitioner's MAR was denied on July 19,

2007 and Petitioner filed a Petitioner for Writ of Certiorari in the North Carolina Court of

Appeals on January 9, 2008 which was denied in February, 2008.[1]  Pursuant to the AEDPA, the

limitation period is tolled for the period during which a petitioner is pursuing state collateral

review.  Therefore, the time beginning with the filing of his MAR through the denial of his

Petitioner for Writ of Certiorari was tolled.   However, Petitioner did not file the instant § 2254

Petition until March 14, 2008.[2]  Because Petitioner had only four days remaining on his one-year

limitations period at the time he began his collateral review process, this Court concluded that

Petitioner's Petition was filed too late.[3] [4]  By Order dated April 9, 2008 this Court dismissed

---

[1] Petitioner does not provide the specific date in February that the North Carolina Court of Appeals denied his petition.

[2] The Court notes that Petitioner signed and mailed his Petition on March 14, 2008 and for the purposes of calculating the one-year period of limitations, the Court will use the date Petitioner signed and mailed his Petitioner as opposed to when it was received and filed in this Court on March 19, 2008.

[3] Although Petitioner does not provide the specific date on which the North Carolina Court of Appeals denied his Petition for Writ of Certiorari, this date is of little consequence.  Petitioner only had four days remaining on his AEDPA one-year limitations period.  Even assuming the Court of Appeals denied his petition on February 29, 2008, Petitioner did not mail the instant Petition to this Court until March 14, 2008, which would still  make his Petitioner 10 days late.

[4] Petitioner conceded that his Petition was late and asked this Court to give him the benefit of the prison mailbox rule and holidays.  Further, Petitioner argued that he had been prejudiced because on January 28, 2008 his legal documents were confiscated and were not returned to him.  However, this Court concluded that none of these assertions warranted tolling of the one-year period of limitations.  In United States v. Prescott, 221 F.3d 686 (4th Cir. 2000), the Court instructed that while § 2255's limitation period is subject to equitable tolling, it is an extraordinary remedy that is sparingly granted.  Id. at 688.  It is reserved for those situations where it would be unconscionable to enforce the limitations period and if enforced, gross injustice would result.  Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).   In order to be entitled to equitable tolling, an otherwise time-barred petitioner must present "'(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time."' United States v. Sosa, 364 F.3d 507, 512 (4h Cir. 2004) citing Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).  "Typically, these 'circumstances [are] external to the

2

Petitioner's Petitioner as time-barred. (Doc. No. 2.)

By way of the instant motion for reconsideration based on mistake, inadvertence, and excusable neglect , Petitioner now contends that the March 14, 2008[5] date on which he signed his Petition was "an inadvertant (sic) error that it should have been dated the 4th of March 2008." Petitioner further contends that he actually mailed his Petition on February 28, 2008 but that his Petition was sent back to him twice for additional postage. Petitioner contends that these facts should warrant the application of equitable tolling and asks that this Court reconsider its previous Order dismissing his Petition as time barred.

Petitioner's argument that he meant to write March 4, 2008 instead of March 14, 2008 is not believable in light of the fact that he wrote out the date of March 14, 2008 and also wrote the short hand version of the date as 3-14-08. Furthermore, Petitioner's Petition was received and filed in this Court on March 19, 2008. If his Petition had been mailed out on March 4, 2008 as he now contends, his Petition would not have taken so long to reach the Court. Moreover, Petitioner's explanation that his Petition was actually mailed out February 28, 2008 but returned to his twice for additional postage is a convenient after the fact excuse for his late Petition, however it is not sufficient to satisfy the equitable tolling standard. Petitioner does not set forth any basis which would support a finding that it would be unconscionable to enforce the limitations period, or that a gross injustice would result from such enforcement. Therefore,

---

party's own conduct,' thus making it 'unconscionable to enforce the limitation period against the party.'" <u>Prescott</u>, 221 F.3d at 688, <u>citing Harris v. Hutchinson</u>, 209 F.3d 325, 330 (4th Cir. 2000).

[5] The Court notes that on page 25 of Petitioner's Petition, Petitioner wrote out the date on which he was placing his petition in the mail as "March 14, 2008" and he also wrote "3-14-08" as the date on which he signed his petition.

equitable tolling is not available for the Petitioner and his motion for reconsideration is denied.

### Order

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's "Motion for Relief from Judgment or Order Rule 60" is **DENIED**.

**SO ORDERED.**

Signed: October 1, 2008

Graham C. Mullen
United States District Judge